IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHAWN ATKINSON,

                         Petitioner,

            v.                                    CASE NO.10-3017-SAC

DEREK SCHMIDT,[1]

                         Respondent.



## MEMORANDUM AND ORDER

     Shawn Atkinson proceeds pro se seeking a writ of habeas corpus
under 28 U.S.C. § 2254 on allegations that he was denied his
constitutional right to the effective assistance of trial counsel in
his state criminal case.  Having reviewed the record which includes
an Answer and Return filed by the Kansas Attorney General, and
Atkinson's traverse, the court denies the petition.

     *Background and Claims*

     A jury found Atkinson guilty of one court of rape.  In
Atkinson's direct appeal, the Kansas Court of Appeals affirmed that
conviction and the 155 month sentence imposed.[2]  The state district
court denied Atkinson's motion for post-conviction relief under

---

[1]The petition named Steven Six, the former Attorney General for
the State of Kansas, as the sole respondent.  The court substitutes
Derek Schmidt, the current Attorney General for the State of Kansas,
as the named respondent.  28 U.S.C. § 2242; Rule 2(a) of the Rules
Governing Section 2254 Cases in the United States District Courts.

[2]*State v. Atkinson*, 2004 WL 1542324 (Kan.Ct.App. July 9,
2004)(unpublished), *rev. denied* (September 14, 2004).

K.S.A. 60-1507, a decision the Kansas Court of Appeals affirmed.[3]

Atkinson now seeks federal habeas corpus relief on two Sixth Amendment claims of ineffective assistance of counsel in his state criminal case.

First, Atkinson claims defense counsel failed to advise him of the potential sentence for a rape conviction, and contends he would have accepted the plea bargain offered by the state if counsel had properly advised him.  Second, Atkinson claims his trial counsel was ineffective in failing to object to the State's admission of the rape kit as evidence in Atkinson's criminal trial.  The Kansas Court of Appeals rejected both claims on the merits.

*Standard of Review*

A federal court's habeas review of a state court decision is circumscribed by the Antiterrorism and Effective Death Penalty Act enacted in 1996 (AEDPA).  Where a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).  A state court's factual findings are presumed to be correct, absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).

---

[3]*Atkinson v. State*, 2008 WL 4849015 (Kan.Ct.App. November 7, 2008)(unpublished), *rev. denied* (April 7, 2009).

*Ineffective Assistance - Plea Bargain*

Atkinson claims his retained defense counsel failed to advise him of the potential sentence for a rape conviction, and encouraged him to reject the State's offer for a guilty plea to a reduced charge Class B misdemeanor battery charge with a recommended sentence of one year unsupervised probation.  Atkinson contends he would have entered a plea pursuant to the offered plea bargain if he had been informed that a sentence of 155 months could be imposed if he went to trial and was found guilty on the rape charge.

Atkinson presented this claim to the state courts in his post-conviction motion.  The transcript of the evidentiary hearing held on Atkinson's motion discloses that immediately prior to commencement of the trial, counsel informed Atkinson of the prosecutor's latest plea offer of a class B misdemeanor and unsupervised probation.[4]  This discussion with Atkinson took place in a separate jury room in the presence of Atkinson's mother, father, and brother.[5]  Counsel then left the room to allow Atkinson to discuss the offer with his family.[6]  When counsel returned, Atkinson testified that he asked counsel "Man, taking a plea for something I didn't do, what would you do? ... and he was like, you know, stand for what you believe in.  If you're innocent, stand for

---

[4]It appears Atkinson rejected a previous offer that he enter a guilty plea to a class A misdemeanor sexual battery offense.  Vol. VIII, p. 70.

[5]Vol. VIII, p.22, 70, 106.

[6]*Id.* at 108.

your innocence."[7]   In response, Atkinson asked if counsel was prepared for this case, and counsel stated they were going to win.[8]

Counsel's testimony regarding this conversation was more limited. He testified to saying, with regret, that "as a general rule a person should not plea to something that he didn't do."[9]

At the close of the post-conviction evidentiary hearing the state district court rejected Atkinson's claim of ineffective assistance of counsel, finding Atkinson had demonstrated neither deficient performance by defense counsel, nor prejudice.[10]   The Kansas Court of Appeals affirmed the district court's denial of relief on this claim, zeroing in on the prejudice prong to find that Atkinson failed to establish there was a reasonable probability that but for counsel's alleged deficient performance he would have accepted the plea offer.   The state appellate court specifically stated:

> Atkinson has failed to prove prejudice. Our review of the record convinces us that throughout these proceedings — both before and after Atkinson's decision to reject the State's plea offer — Atkinson repeatedly and firmly claimed his innocence in this matter and desired a jury trial to obtain an acquittal.   His testimony at the evidentiary hearing was equivocal regarding whether the knowledge of the potential sentence for rape would have caused him to accept the plea offer.   The uncertainty of Atkinson's hindsight is understandable, given that at the time he rejected the plea offer he knew he was risking the imposition of a substantial prison sentence for a serious offense.

---

[7]*Id.*

[8]*Id.*

[9]*Id.* at 70.

[10]*Id.* at 172.

4

> Under these circumstances, Atkinson has not shown a reasonable probably that, but for his attorney's failure to inform him of the potential sentence for rape, he would have accepted the State's plea offer.  The district court's conclusion of law that Atkinson failed to establish prejudice in this regard was supported by substantial evidence."

*Atkinson v. State*, 2008 WL 4849015 at *7.  Finding no error in the district court's determination that Atkinson failed to establish the showing of prejudice required under *Strickland*, the state appellate court stated it was unnecessary to consider defense counsel's performance.  *Id*. at *6.

The Sixth Amendment, through the Due Process Clause of the Fourteenth Amendment, guarantees the right of a state criminal defendant to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984).  The constitutional standard set forth in *Strickland* requires a showing that counsel's performance was deficient, and that the defendant was prejudiced by that deficient performance.  *Id*. at 687.  This two prong *Strickland* standard applies to the plea bargaining process.  *See Hill v. Lockhart*, 474 U.S. 52 (1985)(*Strickland* claim can be brought to challenge a guilty plea); *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir.2005)("the Sixth Amendment applies to representation during the plea process")(*citing Hill*, 474 U.S. at 57).

Although a petitioner must satisfy both prongs to establish a constitutional claim of ineffective assistance of counsel, if the lack of prejudice is clear, a court reviewing a *Strickland* claim need not examine whether counsel's performance satisfied the deficiency prong if there is an insufficient showing of prejudice. *Strickland*, 466 U.S. at 697.  "If it is easier to dispose of an

5

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

A claim of ineffective counsel is a mixed question of law and fact, subject to the "unreasonable application of clearly established Federal Law" standard in § 2254(d)(1).[11] *Cook v. McKune*, 323 F.3d 825, 832 (10th Cir.2003). A state court's application of clearly established federal law is unreasonable "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). The application must be objectively unreasonable, not just incorrect or something different than the habeas court would have decided on its own. *See Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)(unreasonable application of federal law is more than an application the habeas court might not itself have reached in the first instance or thinks is incorrect).

Here, there is no dispute that the state appellate court identified the correct legal standard in rejecting Atkinson's claim of ineffective assistance of counsel regarding the plea offer.[12]

---

[11]Section 2254(d)(1) also provides that "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13.

[12]*See U.S. v. Carter*, 130 F.3d 1432, 1442 (10th Cir.1997)(to satisfy *Strickland* prejudice prong "there must be a reasonable probability that but for incompetent counsel a defendant would have accepted the plea offer and pleaded guilty")(citing *Hill v. Lockhart*, 474 U.S. at 59). *See also Williams*, 571 F.3d at 1090, n.3

Having carefully reviewed the record, the court finds the state appellate court's decision was not an objectively unreasonable application of the Supreme Court's clearly defined standard in *Strickland* and *Hill*.

There is support in the record for finding that Atkinson insisted on going to trial to prove his innocence on the rape charge notwithstanding his undisputed knowledge of the last minute plea offer of recommended probation for a plea on a reduced misdemeanor charge. Also, defense counsel believed Atkinson could prevail in a case where the main evidence against Atkinson was the victim's testimony. At trial, Atkinson acknowledged his sexual encounter with the victim, but contended throughout that it was consensual rather than by force as the victim testified. The jury, however, found the victim more credible than Atkinson.

The state appellate court found Atkinson demonstrated no reasonable probability that he would have accepted the plea offer but for counsel's alleged deficient performance. This finding was not contrary to, or an unreasonable application of, established Supreme Court standards.[13] Although Atkinson maintains he was not

_____

(to prevail on a claim of ineffective assistance of counsel in a plea context, the prejudice prong under *Strickland* requires a defendant to show that "but for counsel's deficient performance, the defendant would have accepted the plea offer and pled guilty") (*citing Hill*, 474 U.S. at 56-59).

[13]Because Atkinson *rejected* the plea offer and asserted his right to a jury trial, this case does not involve the more typical examination of allegations of attorney misconduct in the context of a plea bargain to determine whether attorney error rendered a guilty or no contest plea unknowing and involuntary. *See e.g. Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir.2001)(*Hill v. Lockhart* addressed "the appropriate standard for demonstrating that a guilty plea was tainted by ineffective assistance of counsel"). *See also* Perez, David, DEAL OR NO DEAL? REMEDYING INEFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA BARGAINING, 120 Yale L.J. 1532 (2011)(examining,

equivocal in his post-conviction testimony about whether he would have accepted the plea offer and not exercised his right to a jury trial if he had been advised that a 155 month sentence could be imposed if found guilty by a jury, the court finds no clear and convincing evidence counters that state court finding of equivocation.

Atkinson's claim of ineffective assistance regarding counsel's role in Atkinson's rejection of a favorable plea offer is thereby defeated because Atkinson cannot satisfy both prongs of the *Strickland* standard.   No de novo examination by this court is necessary as to whether defense counsel's conduct was deficient such that it fell outside the wide range of competence demanded of an attorney in a criminal case.[14]

*Ineffective Assistance of Counsel - Admission of Evidence*

Second, Atkinson appears to claim in his habeas petition that his trial counsel was ineffective in failing to object to the State's admission of the rape kit which contained a hearsay statement in the examining doctor's report that there was an abrasion to the victim.

In reviewing allegations of ineffective assistance of counsel,

---

in part, circuit court decisions regarding prejudice in context of a defendant's claim of ineffective assistance of counsel in the rejection of a favorable plea bargain).

[14]Atkinson's claim of deficient performance rests primarily on defense counsel's failure to better or fully advise Atkinson of the potential sentence Atkinson could face if he went to trial.   The court notes, however, that this case involves no failure by defense counsel to communicate the favorable plea offer to Atkinson, and no threat by defense counsel to withdraw representation if Atkinson accepted the plea offer.   *Compare Williams v. Jones*, 571 F.3d 1086 (10th Cir.2009).   Also, defense counsel secured Atkinson's release on bond pending trial, thus Atkinson faced no pretrial confinement restrictions on his access to retained counsel and legal resources.

there is a strong presumption that counsel "rendered adequate
assistance and made all significant decisions in the exercise of
reasonable professional judgment." *Strickland*, 466 U.S. at 690.
Moreover, the Supreme Court has recognized the high level of
deference owed to a state court's findings, both under *Strickland*
and § 2254 as amended by AEDPA:

> The standards created by *Strickland* and § 2254(d) are both
> highly deferential, and when the two apply in tandem,
> review is doubly so. The *Strickland* standard is a general
> one, so the range of reasonable applications is
> substantial. Federal habeas courts must guard against the
> danger of equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d). When § 2254(d) applies,
> the question is not whether counsel's actions were
> reasonable. The question is whether there is any
> reasonable argument that counsel satisfied *Strickland*'s
> deferential standard.

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011)(citations and
quotation marks omitted)

In the present case, the Kansas Court of Appeals found
counsel's failure to object to the admission of this evidence and
the doctor's report "was clearly a matter of trial strategy" with no
adverse impact on Atkinson's constitutional rights.[15] The state
appellate court noted that defense counsel's cross-examination
revealed the victim sustained no physical injury consistent with
forcible intercourse, and that counsel testified in the post-
conviction evidentiary hearing the defense strategy was to use this
lack of medical findings to support a defense that the intercourse
was consensual.[16] The court finds this determination by the Kansas
Court of Appeals is supported by the record, and is neither contrary

---

[15]*Atkinson v. State*, 2008 WL 4849015 at *10.

[16]*Id*. at 9.

9

to nor an unreasonable application of *Strickland*.    Atkinson is thereby entitled to no relief on this claim.

Finding Atkinson has demonstrated no basis for granting a writ of habeas corpus under § 2254, the court concludes the petition should be denied.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is denied.

**IT IS SO ORDERED.**

DATED:  This 25th day of January 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge